IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

SAM JOHNSON, LLOYD J. )
CUMMINGS, DAVID J. HYDE, )
JERRY JENTZCH, MICHAEL J. )
COOPER, JAMES PAUL, JOHN ) Civil No. 2:04-CV-0040J
YATES, STEPHEN RICHARDS, and )
REED H. CARVER, AS TRUSTEES ) **MEMORANDUM OPINION &**
OF THE UTAH SHEET METAL ) **ORDER RE: ATTORNEY'S FEES**
WELFARE TRUST FUND, UTAH ) **AND COSTS**
SHEET METAL PENSION TRUST ) **(29 U.S.C. § 1132(g);**
FUND, UTAH SHEET METAL ) **Fed. R. Civ. P. 54(d))**
VACATION & HOLIDAY FUND, )
INDUSTRY FUND, )
ORGANIZATION FUND, LMF )
FUND and DFW FUND, )
 )
    Plaintiffs, )
 )
    vs. )
 )
DIAMOND TEST & BALANCE, )
INC., a Utah corporation; and JAMES )
ROBERT HALCOM, individually, )
 )
    Defendants. )

**FILED**
CLERK, U.S. DISTRICT COURT
August 22, 2005 (3:46pm)
DISTRICT OF UTAH

* * * * * * * * *

A formal money judgment has yet to be entered in this case.

Plaintiffs' Motion for Summary Judgment was granted in part for $10,662.09, which amount was acknowledged and not disputed by the Defendants. (*See* Order, filed May 12, 2005 (dkt. no. 50).)

Plaintiffs now seek interest and liquidated damages on the principal amount

($10,662.00) in the sums of $7,252.00 and liquidated damages of $521.60 respectively, all pursuant to applicable provisions of agreements and declarations of trust as incorporated in the short form agreement between Plaintiff funds and the Defendant corporation, and the applicable provisions of the ERISA statute, *see* Employee Retirement Income Security Act ("ERISA"), Pub. L. No. 93-406, Title I, § 502, 88 Stat. 891 (1974) (as amended), *current version codified at* 29 U.S.C. § 1132(g)(2) (2000).  The Defendants acknowledge that Plaintiffs are entitled to interest as claimed and liquidated damages as claimed.

The parties also seek taxable "costs" and attorney's fees in competing applications.

Plaintiffs ask for taxable "costs" in the sum of $5,943.98, which includes $4,355 for audit fees, (*see* Bill of Costs, filed June 14, 2005 (dkt. no. 65)), as well as attorney's fees in the sum of $27,340.00.  (*See* Plaintiffs' Motion for Award of Interest, Liquidated Damages, Attorneys' Fees and Costs, filed June 14, 2005 (dkt. no. 63).)  Defendants seek taxable "costs" of $2,371.20, which includes $1,484.38 for "copies of papers."  (Bill of Costs, filed June 24, 2005 (dkt. no. 69).)  Defendants ask for attorney's fees in the sum of $58,325.00 pursuant to 29 U.S.C. § 1132(g)(1) (2000).  (*See* Defendants' Motion for Award of Attorney's Fees, filed June 30, 2005 (dkt. no. 73).)

Each claims to be "the prevailing party."

Defendants dispute the audit fees and the reasonableness of the Plaintiffs' attorney's fees.

The audit fees are obviously not a statutory taxable "cost" under Fed. R. Civ. P. 54(d).  *See* 28 U.S.C. § 1920 (2000).

However, the audit fees sought by Plaintiffs, like interest and liquidated damages, are governed by the provisions of the applicable contracts:

> Further, in the event such examination or audit discloses any delinquency in the filing of any such reports and/or payments of any such contributions, the Employer shall be liable for and shall pay to the Fund the reasonable costs of such examination or audit in addition to the interest, liquidated damages, and costs or collection as otherwise herein provided.

(Second Restated Agreement and Declaration of Trust of the Utah Sheet Metal Welfare Fund at page 19 and Second Restated Agreement and Declaration of Trust of the Utah Sheet Metal Pension Trust Fund at page 19.)

Plaintiffs are entitled to the audit fees as part of their principal claim under § 1132(g)(2), in contrast to an award of taxable "costs" under Rule 54(d).

29 U.S.C. § 1132(g) provides as follows:

> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court <u>shall</u> award the plan –
>    (A) the unpaid contributions,
>    (B) interest on the unpaid contributions,
>    (C) an amount equal to the greater of–
>         (i) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage

>   as may be permitted under Federal or State law) of the amount
>   determined by the court under subparagraph (A),
>  (D) reasonable attorney's fees and costs of the action, to be paid by
>  the defendant, and
>  (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26. (Emphasis added.)

Plaintiffs seek audit fees and attorney's fees under 29 U.S.C. § 1132(g)(2). Such fees are mandated pursuant to subsection 1132(g)(2)(D). *See, e.g.*, *Restaurant Employees*, 329 U.S. App.D.C. at 61, 136 F.3d at 801; *Iron Workers Dist. Council of Western New York and Vicinity Welfare and Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1505-1506 (2d Cir. 1995).[1] As to audit fees,

>   ERISA requires that "[e]very employer who is obliged to make contributions to a multiemployer plan . . . make such contributions in accordance with the terms and conditions of such plan . . . ," 29 U.S.C. § 1145 (1994), and permits Plan fiduciaries to bring suit to "enforce . . . the

---

[1] As the Second Circuit explains in *Iron Workers*:

As originally enacted in 1974, § 1132(g) simply provided that "[i]n any action . . . by a . . . fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The section was amended in 1980 by relabeling the previous text as subsection (1), adding current subsection (2), and adding an exception for actions under subsection (2) to subsection (1). *See Carpenters Amended & Restated Health Benefit Fund v. John W. Ryan Constr. Co.*, 767 F.2d 1170, 1172 n. 3 (5th Cir. 1985); *Central States, Southeast & Southwest Areas Pension Fund v. Alco Express Co.*, 522 F. Supp. 919, 921-23 (E.D. Mich. 1981). Congress thereby made the award of attorney fees mandatory for suits involving delinquent employers, *see Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995), and added the current slate of mandatory penalties to be assessed in favor of a plan obtaining a favorable judgment. *See Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (in banc); *Carpenters Amended & Restated Health Benefit Fund*, 767 F.2d at 1173.

68 F.3d at 1505-1506.

terms of the plan." 29 U.S.C. § 1132(a)(3) (1994).  Thus, if the Default and Payment Clause requires employers who are in default to pay routine auditing fees, ERISA empowers the Trustees to enforce that requirement. *Board of Trustees of Hotel and Restaurant Employees Local 25 v. JPR, Inc.*, 329 U.S.App.D.C. 54, 58, 136 F.3d 794, 798 (C.A.D.C. 1998); *see Carpenters Amended Benefit Fund v. John W. Ryan Constr. Co.*, 767 F.2d 1170, 1175-1176 (5th Cir. 1985) (citing *Contractors, Laborers, Teamsters & Engrs. Health & Welfare Plan v. Hroch*, 757 F .2d 184, 189 (8th Cir. 1985)); *King v. JCS Enterprises, Inc.*, 325 F. Supp. 2d 162, 172-173 (E.D.N.Y. 2004); *Trustees of Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. General Elevator of Detroit, Inc.*, 1998 WL 476203, at *7 (E.D. Pa. 1998). Such fees are mandated even if judgment for the plan ultimately entered is less than the full relief requested in the Complaint, *see, e.g., Trustees of Colorado Statewide Ironworkers (Erector) Joint Apprenticeship and Training Trust Fund v. A & P Steel, Inc.*, 824 F.2d 817, 819 (10th Cir. 1987), or after an offer of judgment was made for the amount of delinquent contributions.

    Plaintiffs' attorneys' hours and rates are not contested.

    Defendants claim "a reasonable attorney's fee and costs of action" under 29 U.S.C. § 1132(g)(1) based on the fact that they prevailed on the second and third causes of action.  The second, of course, was dismissed by Plaintiffs by stipulation, and the third was dismissed by the court as a matter of law.  (*See* Pretrial Order, filed May 12, 2005 (dkt. no. 55), at 3 n.1; Order, filed May12, 2005 (dkt. no. 50); Order Dismissing

5

Plaintiffs' Alter-Ego Claim Against James Robert Halcom, With Prejudice, filed September 27, 2004 (dkt. no. 18).)

The third cause was different in subject matter from that claimed in the first cause of action, and could plausibly be considered under § 1132(g)(1) as to an attorney's fee award in favor of the Defendants. The outcome on that claim was adverse to the Plaintiffs; Defendant James Robert Halcom was determined not to be a fiduciary.

The question was a legal question, not fact-intensive, but Defendant Halcom did in fact prevail on that question.

From the items furnished in the record, the court is unable to determine an allocation of time and effort expended as to the third cause, but finds that, at best, an allocation of $5,000.00 as attorney's fees in favor of the Defendants would be reasonable in dealing with this relatively straightforward legal question.

It appears that the Plaintiffs' claim for attorney's fees should be off-set by Defendants' reasonable fee of $5,000.00, resulting in a net reasonable attorney's fee award to Plaintiffs of $22,340.00 pursuant to § 1132(g)(2)(D). Plaintiffs' remaining claim for attorney's fees exceeding that amount is **DENIED**.

Plaintiffs are entitled to the audit fees as "costs of action" as part of the relief granted under 29 U.S.C. § 1132(g)(2)(D), but not as taxable "costs" under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 (2000).

Otherwise, excluding the audit fees, the parties' cost bills are about the same.

Both Plaintiffs and Defendants have "prevailed" in part within the meaning of Fed. R. Civ. P. 54(d). *Cf. Farrar v. Hobby*, 506 U.S. 103, 109-113 (1992) (construing 42 U.S.C. § 1988).

Plaintiffs are entitled to judgment against Defendant corporation, Diamond Test & Balance, Inc., in the following amounts:

| | |
|---|---|
| Principal | $10,662.09 |
| Interest | $7,252.00 |
| Liquidated Damages | $521.60 |
| Audit Fees | $4,355.00 |
| Attorney's Fees | $22,340.00 |

This court concludes that in this instance, each party should bear its own taxable costs of action, and hereby so directs pursuant to Rule 54(d).

Let judgment be entered accordingly.

**SO ORDERED.**

**DATED** this 22 day of August, 2005.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge